# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DONALD L. COHEE,

        Plaintiff,

v.

AMANDA WOOD, et al.,

        Defendants.

Case No. 16-3072-DDC-DJW

## SECOND ORDER TO SHOW CAUSE

**To plaintiff:**

On June 15, 2017, the court issued a show cause order to plaintiff Donald L. Cohee. Doc. 32. The Order explained that 28 U.S.C. § 1915(g) requires Mr. Cohee to pay the filing fee in the case because he is a three-strikes litigant. The Order directed Mr. Cohee either to: (1) pay the required filing fee; or (2) show good cause why the court should not dismiss his lawsuit for failing to pay the filing fee.

Mr. Cohee has submitted a response to the Show Cause Order. Doc. 35. It fails to show good cause why the court should not dismiss this lawsuit because Mr. Cohee has failed to pay the required filing fee. First, Mr. Cohee asserts that he cannot pay the filing fee. He directs the court to his inmate account statement that shows that he does not have the funds to pay the fee.[1] But, his inability to pay the fee does not change the analysis under § 1915(g). *See Dubuc v. Johnson*, 314 F.3d 1205, 1209 (10th Cir. 2003) (after holding that "there is no question that §

---

[1] Mr. Cohee states in his response that he is "putting a copy of his account with this motion" but none was attached. Doc. 35 at 1. The court notes that Mr. Cohee filed a statement of his account in April 2016 (Doc. 4). It shows insufficient funds to pay the filing fee. Even though that account information is not current, it doesn't matter for purposes of this Order. Mr. Cohee's inability to pay the filing fee does not allow him to avoid application of § 1915(g).

1915(g) is constitutional[,]" the Circuit recognized the "potential danger" of the statute because it can "prevent a prisoner who has filed three or more frivolous actions from litigating a meritorious constitutional claim until that prisoner can pay the appropriate filing fees" but "this is the consequence of Congress' choice" in enacting § 1915(g)). Section 1915(g) does not prohibit Mr. Cohee from filing this lawsuit, but as a three-strikes litigant, the statute requires him to "prepay all applicable filing fees" before the suit can proceed. *Id.*

Second, Mr. Cohee asserts that "the three-strikes doesn't matter at all" because the earlier cases were "in a state court." Doc. 35 at 1. That is just wrong. The court explained in its Show Cause Order that the three strikes against Mr. Cohee come from dismissals of two cases in the Northern District of Indiana and one case in our court. Doc. 32 at 2–3. Mr. Cohee has not shown that the court erred in its conclusion that he is a three-strikes litigant under § 1915(g).

Third, Mr. Cohee asserts that defendants' actions have caused him to "black out." Doc. 35 at 1. The court recognizes that § 1915(g) provides an exception to the filing fee requirement when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). But Mr. Cohee's claims never allege that he is under imminent danger of serious physical injury. Mr. Cohee's two Complaints assert claims under 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights by preventing him from seeing his daughter and finding employment. Docs. 1, 3. Mr. Cohee's claim that he has experienced "black outs" from these actions does not establish that he is "under imminent danger of serious physical injury," as 28 U.S.C. § 1915(g) requires, to avoid applying the three-strikes rule.

Finally, Mr. Cohee asks that I remove myself from this lawsuit because I sentenced Mr. Cohee to prison in a separate criminal case. Mr. Cohee asserts that I am not impartial in this matter, but he provides no facts to support this assertion, other than my involvement in his

underlying conviction.  The court construes Mr. Cohee's request as a motion for recusal under 28 U.S.C. § 455.  Doc. 76.  Under § 455, a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party . . . ."  28 U.S.C. § 455(a) & (b)(1).  The test for determining impartiality is an objective one, based on a judge's "outward manifestations and reasonable inferences drawn therefrom."  *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (citation omitted).  Mr. Cohee asserts no facts to support recusal under this standard.  He fails to allege any facts demonstrating that I have a personal bias or prejudice against him or that a reasonable person might reasonably question my impartiality.  To the extent Mr. Cohee is dissatisfied with the outcome in his criminal case, adverse rulings are no reason for recusal.  *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (stating that "adverse rulings 'cannot in themselves form the appropriate grounds for disqualification'" (quoting *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992))).

In sum, Mr. Cohee has not shown good cause why § 1915(g) does not apply here.  Mr. Cohee is a three-strikes litigant, and § 1915(g) requires him pay the filing fee to proceed with this lawsuit.  Although the court already has ordered Mr. Cohee to pay the filing fee, it will give him one, final opportunity to do so.  **The court thus orders Mr. Cohee to pay the filing fee, on or before July 15, 2017.  If he does not pay the filing fee by that date, the court will dismiss his lawsuit without prejudice.**

**IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff Donald L. Cohee must pay the $400 filing fee, on or before July 15, 2017.  If Mr. Cohee does not pay the filing fee by that date, the court will dismiss this lawsuit without prejudice.**

**IT IS SO ORDERED.**

**Dated this 30th day of June 2017, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**