# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DONALD L. COHEE,

        Plaintiff,

v.

AMANDA WOOD, et al.,

        Defendants.

Case No. 16-3072-DDC

## MEMORANDUM AND ORDER

On July 21, 2017, the court dismissed this pro se civil lawsuit without prejudice because plaintiff Donald L. Cohee[1] never paid the required filing fee despite the court's repeated orders for him to do so. Mr. Cohee qualifies as a three-strikes litigant under 28 U.S.C. § 1915(g), which prohibits him from proceeding in forma pauperis and requires that he pay the filing fee to continue litigating his lawsuit. Because Mr. Cohee never paid the filing fee, the court dismissed his case without prejudice under Rule 41(b) for failing to comply with a court order.

More than three months later, Mr. Cohee has filed a "Motion [to] Overturn 3-Strike." Doc. 41. Mr. Cohee appears to argue that the court erred by finding that he is a three strikes litigant.[2] He contends "there was only 2-strike[s] against" him. *Id.* at 1. So, he asks the court to reopen his case. *Id.* The court construes Mr. Cohee's motion as one seeking relief from judgment under Fed. R. Civ. P. 60(b). This rule allows "the court [to] relieve a party or its legal

---

[1] Because Mr. Cohee proceeds pro se, the court construes his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe a pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers).

[2] Mr. Cohee still remains in federal custody. *See* Revocation Judgment, *United States v. Donald Lee Cohee*, No. 13-cr-40101-DDC (D. Kan. Apr. 26, 2017), ECF 99 (remanding Mr. Cohee to federal custody to serve an 11-month term of imprisonment); *see also* Doc. 1-1 (envelope enclosing Mr. Cohee's current motion and identifying his return address at the Federal Correctional Institute in Perkin, Illinois).

representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991). And, the party seeking relief from a judgment bears the burden to demonstrate the prerequisites for such relief. *Id.* at 1243–44 (explaining that a movant must show "exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment.").

Mr. Cohee has not satisfied his burden to show that Rule 60 entitles him to relief from judgment. The court committed no error when it concluded that Mr. Cohee is a three strikes litigant. The court identified Mr. Cohee's three strikes as: (1) *Cohee v. McBride*, No. 99-cv-00541-RLM (N.D. Ind. Nov. 10, 1999), ECF 5 (dismissing case for failing to state a claim); (2) *Cohee v. Indiana Department of Corrections*, No. 99-cv-00236-AS (N.D. Ind. June 16, 1999), ECF 5 (dismissing case for failing to state a claim); and (3) *Cohee v. United States Federal Government*, No. 13-3154-SAC, 2014 WL 238253, at *1 (D. Kan. Jan. 22, 2014) (dismissing case because it was frivolous and failed to state a claim and also concluding that the dismissal counted as Mr. Cohee's third strike). Doc. 32 at 2. Our court also has recognized Mr. Cohee's status as a three-strikes litigant in another case. *Id.* at 2–3 (citing Order, *Cohee v. United States*, No. 14-3136-SAC-DJW (D. Kan. May 12, 2015), ECF 7 (dismissing Mr. Cohee's case without prejudice because he had failed to pay the filing fee as required by 28 U.S.C. § 1915(g), and he had failed to show cause why the court should not deny his motion to proceed in forma pauperis)). The court thus concluded—correctly—that Mr. Cohee is a three strikes litigant subject to the requirements of 28 U.S.C. § 1915(g).

3

Also, Mr. Cohee's Motion asserts that the undersigned judge "was the one who sentence[d] [him] to prison" and "this is a conflict of interest."  Doc. 41 at 1.  To the extent Mr. Cohee seeks recusal or disqualification of the undersigned judicial officer, his motion fails to identify any facts demonstrating any personal bias, partiality, or prejudice against him, or one favoring defendants, that would require recusal under either 28 U.S.C. § 144 or 28 U.S.C. § 455.  To the extent Mr. Cohee is dissatisfied with the court's previous orders, adverse rulings are not a reason for recusal.  *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (stating that "adverse rulings 'cannot in themselves form the appropriate grounds for disqualification'" (quoting *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992))).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Donald L. Cohee's "Motion [to] Overturn 3-Strike" is denied.

**IT IS SO ORDERED.**

**Dated this 17th day of November 2017, at Topeka, Kansas.**

       **s/ Daniel D. Crabtree**
       **Daniel D. Crabtree**
       **United States District Judge**